# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| FREDDIE WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 1:18-cv-00229-KOB-SGC ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Freddie Wilson, a federal prisoner proceeding *pro se*, initiated this matter by filing motions invoking 18 U.S.C. §§ 3741, 3742, and 3582. (Docs. 1-2, 6). On October 15, 2018, the magistrate judge entered a report recommending Wilson's claims be dismissed for lack for jurisdiction and all pending motions be denied. (Doc. 31). On October 23, 2018, Wilson filed objections to the report and recommendation. (Doc. 32). As explained below, the court finds that Wilson's objections are due to be overruled.

Wilson objects to the magistrate judge's interpretation of his motions as seeking relief under 28 U.S.C. §§ 2241 or 2255; he insists the pleadings reveal the exclusive pursuit of relief under 18 U.S.C. § 3582(c)(2) for retroactive application of Amendment 782. (*Id.* at 1-4, 6, 8). A review of Wilson's motions (Docs. 1-2, 5-7) in their entirety shows he does allege and seek relief outside the limited

context in which the objections casts his claims. The magistrate judge correctly identified and addressed Wilson's claims under the auspices of § 2241 and/or § 2255. Accordingly, the court OVERRULES this objection.

Wilson also cites *United States v. Stossel*, 348 F.3d 1320 (11th Cir. 2003), to support his attempt to file an "appeal" in this court because 18 U.S.C. 3582(b)(3) provides that a "sentence of imprisonment can subsequently be . . . appealed and modified if outside the guideline range pursuant to" 18 U.S.C. § 3742. (*Id.* at 2-4). However, as stated by the Eleventh Circuit, a defendant seeking to appeal under § 3742(a) must "file an appeal within 10 days of sentencing." *Stossel*, 348 F.3d at 1322 n.2. Here, Wilson waited nearly four years before initiating the instant claims. Additionally, as noted by the magistrate judge, § 3742 governs direct appeals, not collateral attacks such as the claims he asserts here. (Doc. 31 at 4-5). Accordingly, the court OVERRULES this objection.

Next, Wilson objects to the magistrate judge's conclusion that his § 3582 motion is due to be dismissed for lack of jurisdiction because the motion must be considered by the sentencing court, in this instance, the Middle District of Florida. (Doc. 32 at 6). He takes issue with the magistrate judge's citation to three district court cases for this principle, arguing that this court may exercise jurisdiction over his § 3582 motion because district courts have jurisdiction to decide all claims

2

arising under federal law, including federal criminal statutes. (*Id.* at 5-7). Wilson's arguments are unavailing in the context of this case. The United States District Court for the Middle District of Florida long ago obtained and exercised—and has retained—subject matter jurisdiction over Wilson's prosecution, conviction, and sentence. The Middle District of Florida never has transferred its jurisdiction over his case to any other district court. Accordingly, the court OVERRULES this objection.

After consideration of the record, the magistrate judge's report, and Wilson's objections, the court OVERRULES all of his objections. The court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendations. Accordingly, Wilson's claims are due to be dismissed for lack of jurisdiction, and all pending motions are due to be terminated or, alternatively, denied.

The court will enter a separate Final Order.

DONE and ORDERED this 15th day of November, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE